IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER ANTHONY DEMASKE, JR. )
                                           ) No. 18-18
                                           )
    v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability insurance benefits. He alleged disability due to physical impairments, including degenerative disc disease and right shoulder issues. His application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II. THE PARTIES' MOTIONS

Plaintiff's Motion rests primarily on the contention that the ALJ improperly failed to assess whether Plaintiff was disabled for a 12-month "closed period." At the administrative level, Plaintiff contended that he was disabled between September, 2014 and March, 2017.

Defendant contends that now, Plaintiff raises a new argument – that the ALJ should have found him disabled between September, 2014 and December, 2015. As Plaintiff contends in his Brief, the record "clearly establish[es] a closed period of disability…from September 29, 2014 until December 8, 2015."

A similar argument was rejected in Maslowski v. Colvin, No. 15-1833, 2016 U.S. Dist. LEXIS 43325 (D.N.J. Mar. 31, 2016), in which the court determined that the ALJ did not err in failing to consider whether plaintiff was disabled for a closed period. In that case, the court noted, at the administrative level, the plaintiff had not requested a "closed period" determination; had submitted medical records spanning multiple years; and had argued disability since the pertinent onset date. Id. at \*\*54-55. Here, too, the Plaintiff submitted voluminous records from 2014 to 2017. Plaintiff asserted disability beginning September, 2014, and there is no suggestion that he requested consideration of a closed period. Accordingly, the ALJ thoroughly considered, for example, medical records from 2016. Indeed, because the ALJ considered all of the evidence from the time period to which Plaintiff now points, and took into account Plaintiff's fluctuating condition over time, it is not at all apparent that he disregarded the possibility of a closed period. As in Maslowski, "[t]he Court is not convinced that any error was committed by the ALJ." Id. at \*54.

Plaintiff, relatively briefly, challenges other aspects of the ALJ's decision. For example, he objects to the great weight afforded a non-examining agency consultant, who reviewed records only through December, 2014. Plaintiff also suggests that one cannot reasonably conclude that the residual functional capacity ("RFC") is appropriate, given the longitudinal record. Contrary to Plaintiff's suggestion, it is apparent that the ALJ carefully considered all medical source opinions. The record included evidence of Plaintiff's condition between

September, 2014 and December, 2015, including physical therapy records and a treating physician's notation, in December 2014, of normal upper limb tone and motor strength, other than 2/5 right deltoid strength. The ALJ also considered Plaintiff's reported activities. It is axiomatic that the ALJ is entitled to accept or reject such evidence so long as she provides sufficient explanation for so doing. It is not within my authority to reweigh the evidence, and I find no error in the ALJ's approach to the record.

## CONCLUSION

In sum, the Court cannot find that the ALJ's decision was unsupported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: Nov. 29, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER ANTHONY DEMASKE, JR. )
) No. 18-18
)
   v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 29th day of November, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court